IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRANDON M. CARRIGAN, | § | |
| | § | |
| Defendant Below, | § | No. 19, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1109008434 & |
| | § | 1503000827 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 13, 2019
Decided: July 19, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, we conclude that the Superior Court's order, dated December 13, 2018, adopting the Commissioner's report and recommendation, dated August 21, 2018, and summarily dismissing the second motion for postconviction relief should be affirmed.[1] Carrigan was not convicted after trial, he did not satisfy the requirements of Superior Court Criminal Rule 61(d)(2),[2] and his claims were meritless. The Superior Court did not err in denying

---

[1] *State v. Carrigan*, 2018 WL 6601174 (Del. Super. Ct. Dec. 13, 2018).

[2] Del. Super. Ct. Crim. R. 61(d)(2) (providing that a second or subsequent Rule 61 motion "shall be summarily dismissed, unless the movant was convicted after a trial and the motion" pleads with particularity new evidence creating a strong inference that the movant was actually innocent or a new rule of constitutional law made retroactive to cases on collateral review).

Carrigan's motion for appointment of counsel and in summarily dismissing the postconviction motion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

2